# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ADRIAN LEMONT MCFADDEN, | ) | |
| | ) | |
| Plaintiff, pro se, | ) | **MEMORANDUM OPINION,** |
| | ) | **ORDER, AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| LINDA G. DAVIS, et al., | ) | 1:06CV483 |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a motion by Plaintiff Adrian Lemont McFadden for appointment of counsel (docket no. 52). Also pending is a motion to dismiss by Defendant C.Y. Singletary ("Singletary") (docket no. 55). Both parties have filed their respective opposition to the motions and thus the matter is ripe for disposition. Since there has been no consent, the court must deal with the dispositive motions by way of recommendation. For the reasons which follow, the motion for appointment of counsel will be denied. Furthermore, it will be recommended that the motion to dismiss be granted.

## BACKGROUND

This is a civil action brought under 42 U.S.C. § 1983, in which Plaintiff alleged violations of his Fourteenth Amendment due process rights and his Fourth Amendment rights based on illegal searches and seizures of his property. Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages, from

Defendant Singletary, the sole remaining defendant. Singletary was a police officer during the events described in the complaint and was the lead detective in the case against Plaintiff. Plaintiff is currently serving a prison sentence after conviction of being a habitual felon and pleading guilty to various drug charges that were based upon items seized from the alleged illegal searches.

**FACTS**[1]

In his verified complaint, Plaintiff alleged the following facts: On August 23, 2003, Detective Singletary and an unidentified detective conducted a warrantless search of Plaintiff's house that exceeded Plaintiff's consent. Plaintiff further alleges that the limited consent that he gave was obtained through coercion or duress.[2] During the search, 170 dosage units of heroin weighing 9.9 grams and $10,000 were found. On December 12, 2003, police pulled Plaintiff over in his car "for no apparent reason and detained [him] while they conducted an unlawful, and unapproved search of [his] vehicle." This second search resulted in the seizure of 53 dosage units of heroin weighing 2.6 grams from the glove compartment of Plaintiff's vehicle. After arresting Plaintiff, instead of taking him to jail, the police took Plaintiff to his

---

[1] More detailed facts are outlined in the Recommendation and Order, docket no. 40.

[2] Plaintiff allegedly consented to a search of his bedroom and living room after being told by detectives that if Plaintiff did not allow them to search these areas they would get a search warrant and "tear up [Plaintiff's] whole house." According to Plaintiff, after coming inside his house and finding nothing in the bedroom or living room, the detectives then indicated that they wanted to extend their search to other areas of the house. Plaintiff told them he did not consent to their search of other areas of the house. The detectives then became very aggressive and threatened to arrest Plaintiff if he interfered.

home, where they interrogated him and conducted yet another search of Plaintiff's home which turned up nothing incriminating.[3] According to Plaintiff, Detective Singletary was "in charge of these events as well." Singletary then ordered Plaintiff's "property to be seized and confiscated"[4] and instructed David Woodward,[5] a North Carolina Revenue agent, to "confiscate all [of Plaintiff's] household belongings, such as furniture, appliances, etc."

## **DISCUSSION**

### PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff again seeks an order appointing an attorney to represent him because he cannot afford one; because the issues are complex; and because he has no access to a law library or to a telephone.[6] There is no constitutional right to counsel in civil cases. *See, e.g.*, *Caruth v. Pinkney*, 683 F.2d 1004, 1048 (7th Cir. 1982). Also, court intervention to request[7] attorney representation is discretionary and is

---

[3] Defendants contended that the officers arrested Plaintiff for possession of 21,000 dosage units of heroin found at Plaintiff's home during this search.

[4] Items alleged by Plaintiff to be seized during this incident included a 1998 Black Lincoln Navigator, a 1993 Mark VIII Lincoln, and $4,200 in cash.

[5] David Woodward was a named defendant whose motion for summary judgment was granted based upon lack of subject matter jurisdiction. (*See* docket no. 40.)

[6] Plaintiff previously made a motion for appointment of counsel on February 22, 2007 (docket no. 8). This motion was denied by this court on April 12, 2007 (docket no. 19). Plaintiff was appointed counsel on October 22, 2007, however, for the limited purpose of briefing an issue concerning the "relation back doctrine" (docket no. 40).

[7] The statute provides that a court may only "request" that an attorney represent an indigent plaintiff in a civil suit, 28 U.S.C. § 1915(e)(1); there is no authorization for a court

3

typically only appropriate where the case presents "exceptional circumstances." A review of this case convinces the court that no exceptional circumstances have been presented which would justify this request that an attorney represent Plaintiff. Plaintiff's motion for appointment of counsel will be denied.

DEFENDANT'S MOTION TO DISMISS

Defendant Singletary has filed a motion to dismiss Plaintiff's claim based upon *Heck v. Humphrey*, 512 U.S. 477 (1994). In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). Moreover, a handwritten, pro se document is to be more liberally construed than language in a professionally drafted complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon

---

to *require* an attorney to take up this case.

which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations and alteration omitted).

If a prisoner brings a section 1983 suit for damages and the complaint contains allegations which relate back to his conviction, a district court is also required to apply the considerations outlined by the Supreme Court in *Heck v. Humphrey*. 512 U.S. at 486–87. First, a district court must "consider whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence . . . ." *Id.* at 487 (emphasis added). If the complaint would invalidate the sentence or conviction, "the plaintiff [must] demonstrate that the conviction or sentence has already been invalidated" to avoid dismissal. *Id.* On the other hand, if a successful complaint would *not* invalidate the sentence or conviction, "the action should be allowed to proceed . . . ." *Id.*

Alleged illegal searches present an interesting dilemma in that the doctrines of independent source, inevitable discovery, and harmless error *may* apply to evidence seized such that a plaintiff's claim would not necessarily invalidate the

5

plaintiff's conviction or sentence.[8] *Id.* at n.7. The Fourth Circuit has noted that the "hypothesis presented in footnote 7 [of *Heck*] does not provide a blanket protection for all § 1983 damage suits alleging an unreasonable search." *Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003). The court of appeals said that if a district court finds that the plaintiff's claim would *necessarily* invalidate the underlying conviction, "the stated principle of *Heck* would apply, and the § 1983 claim would have to be dismissed [as] there would be no cause of action . . . ." *Id.*[9]

Analysis

Plaintiff pled guilty to the drug charges that arose out of searches conducted on August 26, 2003, and December 12, 2004. (Pl.'s Br. Supp. Mot. to Dismiss Ex. 2 at 7:6–14, 36:8–25.)[10] The Forsyth County Superior Court concluded that "as a matter of law[,] Mr. McFadden [ ] gave voluntary consent to search of his residence;

---

[8] The Supreme Court stated that even if one of these doctrines could be used so that a plaintiff's conviction would not be invalidated, and thus his section 1983 suit could continue, in order for a plaintiff to receive compensatory damages, the plaintiff must prove that the search was unlawful *and* it caused actual, compensable injury. *Heck*, 512 U.S. at 487 n.7. The Court further held that compensable injury "does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.*

It is not necessary for this court to discuss this aspect of compensatory damages because, as will be discussed *infra*, the facts here necessitate a finding that Plaintiff's claim would invalidate his conviction and thus the claim is barred by *Heck's* principal holding.

[9] "It is only when the suppression of the evidence . . . would *not necessarily* invalidate the underlying conviction that the § 1983 case can proceed." *Ballenger*, 352 F.3d at 846.

[10] These documents may be considered without converting this motion into a Rule 56 motion because they are a part of the public record. *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986); *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 628 n.7 (M.D.N.C. 2006); *Clark v. BASF Salaried Employees' Pension Plan*, 329 F. Supp. 2d 694, 696-97 (W.D.N.C. 2004).

6

that his constitutional rights were not violated" and therefore the evidence seized was not to be suppressed. (Pl.'s Br. Supp. Mot. to Dismiss Ex. 1 at 53:18–24.) This evidence was a necessary element of Plaintiff's conviction on state drug charges and also could reasonably have been a significant factor in Plaintiff's decision to plead guilty. In order for Plaintiff to receive the relief he now requests, this court would have to find that these searches were unconstitutional, which would *necessarily* imply that Plaintiff's conviction was based on improperly obtained evidence, and therefore was invalid.[11] Thus, *Heck* requires that this court dismiss Plaintiff's claims of illegal search and seizure since Plaintiff has failed to produce evidence that his conviction has been reversed, expunged, invalidated, or impugned. Singletary's motion to dismiss should therefore be granted.[12]

---

[11] Moreover, the principles of independent source, inevitable discovery, and harmless error would not "save" the conviction even if the evidence here had been illegally obtained. *See Fahy v. Connecticut*, 375 U.S. 85, 90-92 (1963) (reversing and remanding, where the Supreme Court found a reasonable possibility that evidence obtained in an illegal search and seizure which was admitted over the defendant's objection was prejudicial and not harmless error because facts demonstrated that the evidence may have induced defendant's admissions and confession).

[12] It is worth noting that under the holding of *Stone v. Powell*, federal courts may not grant "habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial" where "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim." 428 U.S. 465, 494 (1976). Thus, to the extent that Plaintiff alleged that the searches conducted by Singletary were unconstitutional, Plaintiff is barred from bringing a section 2254 claim based upon the *Stone* holding.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion to appoint counsel (docket no. 52) is **DENIED**. Furthermore, it is **RECOMMENDED** that the motion of Defendant C.Y. Singletary to dismiss (docket no. 55) be **GRANTED** and that Plaintiff's action be dismissed with prejudice.

_____
WALLACE W. DIXON
United States Magistrate Judge

June 19, 2008

8

Case 1:06-cv-00483-JAB-WWD   Document 60   Filed 06/19/08   Page 8 of 8